## O. W. Dawson, Appellee, v. Melvin H. Davis, Appellant.

CONTRACTS—*where verdict is not against weight of evidence.* Evidence in an action the contract price of installing a heating plant and for extra work and materials, held to sustain a judgment for the contract price.

Appeal from the Circuit Court of Macon county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

JOHN W. EVANS, for appellant.

WHITLEY & FITZGERALD, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee contracted with appellant to install in his residence at Decatur, Illinois, a heating plant, according to certain plans and specifications provided, for the consideration price of $340. The contract entered into

required that the heating plant should be put in in compliance with these specifications, and in a skilful and workmanlike manner, and to heat the house in accordance with the requirements of the specifications. The contract provided that if any alterations were made in the instalment of the heating plant under the direction or with the consent of appellant, then that a reasonable amount for any extra work or material furnished should be paid by appellant. Alterations and deviations from the specifications were made, some admitted to be under the direction of appellant, others which were made he denies were made either with his direction, knowledge or consent. Appellant also insists that the plant does not meet the requirements and specifications as required by the contract; and that these deviations or alterations consist in a change of the make of the boiler installed, insufficiency in the size of the pipes used, insufficiency of the plant to heat the house as required and also that the specifications and contract required that the plant should be put in so that there would be no knocking or hammering in the radiators, that the steam in circulating should be free from any noises. The total amount of the alterations made, extra material furnished, and extra labor performed, as claimed by appellee, amounted to $82.31. Trial below resulted in a judgment against appellant for the original price, and appellant prosecutes this appeal.

The questions involved in this case are principally questions of fact relating to the questions as to whether the pipes used in this plant are of sufficient size, whether they were properly installed and whether all of the material agreed to be furnished was furnished and installed, and whether or not appellant consented and agreed to the changes and alterations that were made. One of the principal contentions of appellant being that the plans and specifications required a boiler of the American Radiator Company, and that the one

installed was one handled by appellee not made by the American Radiator Company, but by another firm, and known as "Our Own." The evidence upon the question as to whether appellant consented to the substitution of this boiler is conflicting, but the record does disclose that the boiler was taken to appellant's house and placed upon his lawn, that while there he saw it and knew that it was not of the make called for by his contract, but that he made no objection to its installation or use, and did not object to the substitution of this boiler for the reason that he wanted to move into the premises as soon as possible, there is no evidence in the record that so far as capacity or quality of the boiler is concerned, the one installed is not equal to the one specified. There is a dispute as to whether some of the pipes are of sufficient size; the evidence discloses that the pipes originally put in this plant were placed within the walls of the building as required, that in order to replace them with larger ones it would be necessary to cut into the walls either from the outside or inside, that to do this would cost from $150 to $200; that if the pipes were of sufficient size and the plant of sufficient capacity and quality to perform the work required of it, then the other defects which were pointed out could be replaced or repaired at an expense of not to exceed $75.

The jury by its verdict did not allow appellee for any of the extra work or extra material furnished, but returned a verdict for $82.31 less than the amount claimed by him. It is evident from the verdict that the jury found against appellee upon all of the material contentions upon the questions of fact, except the minor ones, from the fact that they disallowed the claim of appellee for all extra material and labor claimed by him and to offset this claim they found for appellant on the minor defects claimed by him. We are not prepared to say, upon the conflicting evidence in this record, that the verdict of the jury is clearly

and manifestly against the weight of the evidence, and under these conditions it should not be disturbed by this court.

Some criticism is made of the instructions given and refused by the trial court, but we have examined these instructions, and upon this record we are satisfied that the jury was properly and sufficiently instructed upon all the questions submitted to it, and the court committed no substantial error in giving or refusing any of the instructions offered.

Finding no reversible error in this record, the judgment is affirmed.

*Affirmed.*